IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRADFORD SOAP INTERNATIONAL, INC., <br> Plaintiff, <br><br> v. <br><br> BORDEN & REMINGTON CORP., <br> Defendant. | Docket No. 09-CV-110-S-LDA |

## ANSWER TO AMENDED COMPLAINT

Now comes Defendant Borden & Remington Corp. ("Defendant" or "Boremco") through its counsel of record, and hereby files the following Answer to the Amended Complaint filed by the Plaintiff, Bradford Soap International, Inc. ("Plaintiff" or "Bradford").

### Response to Plaintiff's Introductory Statement

Defendant admits that the Plaintiff seeks to recover in excess of $4,000,000 plus attorney's fees and costs, but denies any liability therefor.

### FACTS

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of the Amended Complaint.

2. Defendant does not know what is meant by "manufacture" or "chemicals." Defendant admits that takes certain base elements and uses them to produce certain compounds and thereafter sells said compounds. Defendant admits that it repackages and resells certain compounds. Defendant denies the remainder of the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Amended Complaint.

4. Defendant admits that it sold Caustic Potash to Bradford on or about October 17, 2006. Defendant does not know what Plaintiff means by the term "raw materials," and therefore denies the remainder of the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant admits that on different occasions, it has sold to Bradford sodium hydroxide and potassium hydroxide. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits that on October 17, 2006, it sold Caustic Potash to Bradford. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Amended Complaint.

9. Defendant denies that it mislabeled any materials shipped to Bradford. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10 of the Amended Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 11 of the Amended Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 12 of the Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 13 of the Amended Complaint.

14. Defendant denies that it delivered the wrong product to Bradford. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

## COUNT I
### (Negligence)

17. The Defendant repeats and incorporates its response to paragraphs 1 through 16 of the Plaintiff's Amended Complaint as if fully set forth herein.

18. Paragraph 18 states a legal conclusion for which no response is required. To the extent that a response is required, it is denied.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

## COUNT II
### (Breach of Contract)

21.  The Defendant repeats and incorporates its response to paragraphs 1 through 20 of the Plaintiff's Amended Complaint as if fully set forth herein.

22.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22 of the Amended Complaint.

23.  Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

## COUNT III
### (Misrepresentation)

24.  The Defendant repeats and incorporates its response to paragraphs 1 through 23 of the Plaintiff's Amended Complaint as if fully set forth herein.

25.  Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26.  Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.  Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28.  Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

## COUNT IV
### (Breach of Express Warranty)

29. The Defendant repeats and incorporates its response to paragraphs 1 through 28 of the Plaintiff's Amended Complaint as if fully set forth herein.

30. Paragraph 30 states a legal conclusion for which no response is required. To the extent a response is required, it is denied.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

## COUNT V
### (Breach of Implied Warranty of Fitness)

33. The Defendant repeats and incorporates its response to paragraphs 1 through 32 of the Plaintiff's Amended Complaint as if fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

## COUNT VI
### (Breach of Implied Warranty of Merchantability)

38. The Defendant repeats and incorporates its response to paragraphs 1 through 37 of the Plaintiff's Amended Complaint as if fully set forth herein.

39. Defendant does not know what is meant by the term hydroxide, and therefore denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant states that the Amended Complaint fails to state a claim for which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

Defendant states that the injuries complained of in the Amended Complaint are solely the result of the Plaintiff's own negligence, and the Plaintiff may therefore not recover.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that if the Plaintiff was injured, said injuries were caused by a party or parties over whom the Defendant has no control.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's own comparative fault or negligence caused the damages and/or injuries alleged in the subject claims, any recovery against the Defendant must be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that there has been no attempt to mitigate, minimize, or avoid any damage alleged in Plaintiff's claims, any recovery against the Defendant must be reduced or eliminated.

### SIXTH AFFIRMATIVE DEFENSE

A portion of or all the Plaintiff's claims are barred by its waiver and/or disclaimer of express or implied warranties.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages due Plaintiff must be reduced by the application of a contractual limitation of liability clause.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred for failure to reject the goods shipped within a reasonable time.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred for failure to provide timely notice of the claims to the Defendant, and the Defendant was thereby prejudiced.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred for failure to preserve evidence of the goods in dispute.

### ELEVENTH AFFIRMATIVE DEFENSE

After having reasonable opportunity to inspect the goods, and having failed to make an effective rejection of said goods indicating said goods were conforming or that it would accept said goods in spite of non-conformity the Plaintiff accepted said goods thereby waiving any claims for non-conformance of said goods.

### TWELFTH AFFIRMATIVE DEFENSE

Any recovery against the Defendant must be reduced or eliminated by offset and/or recoupment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred it is a sophisticated user and/or merchant of the subject goods.

### FOURTEENTH AFFIRMATIVE DEFENSE

The does not describe the subject claims with sufficient particularity to enable defendant to determine all of the grounds for his defense. Defendant therefore reserves his right to assert any additional grounds for his defense that may have become available once the precise nature of Plaintiff's claims is ascertained.

**WHEREFORE**, the Defendant respectfully requests this Honorable Court to enter an order dismissing the above-styled action, and award such fees and costs as provided by law.

### JURY DEMAND

Demand is hereby made for trial by jury on all issues so triable.

Respectfully submitted,

**BORDEN & REMINGTON CORP.**

By its attorneys,

/s/ Christopher J. DeCosta
Christopher J. DeCosta, Esq. – BBORI#7879
Paul Michienzie, Esq –(*Admitted Pro Hac Vice*)
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA  02116
Date: April 1, 2009                Tel. 617-227-5660

### CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, attorney for Defendant, hereby certify that I have on this 1st day of April 2009, served a copy of the foregoing Answer, by ECF or by mailing a copy of same, postage prepaid, to attorney:

Gerald J. Petros, Esq.
Jeffrey A. Mega, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI  02903

/s/ Christopher J. DeCosta