IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ORIGINAL BRADFORD SOAP WORKS, INC.,<br>    Plaintiff,<br><br>v.<br><br>BORDEN & REMINGTON CORP.,<br>    Defendant. | )<br>)<br>)  Docket No. 09-CV-110-S-LDA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF DEFENDANT BORDEN & REMINGTON CORP.
TO PLAINTIFF'S MOTION TO COMPEL**

Borden opposes the Bradford Motion to Compel.  Bradford seeks to compel

production of a statement by Steve Siedzik, a Borden employee.  Bradford never made a

Rule 34 request for this document.  Bradford also failed to confer properly before it filed

its Motion.  Bradford has failed to meet its burden under Rule 612 of the Federal Rules of

Civil Procedure to establish that it is entitled to the document in question.

## I.  Bradford Failed To Comply With Rule 37

There are three principal prerequisites to the filing of a motion for an order

compelling the production of documents:  1) A Rule 34 request for inspection of the

document must be served; and 2) The responding party must fail to permit inspection.

Fed.R.Civ.P. 37(a)(3).  Finally, the moving party must certify that the movant has in good

faith conferred or attempted to confer with the person or party failing to make disclosure

or discovery in an effort to obtain it without court action.  Rule 37(a)(1).  Bradford has

failed to meet either one of the three prerequisites.

A.    **Bradford Has Not Made a Rule 34 Request for the Siedzik Statement.**

Bradford has never made a Rule 34 request for the statement of Steve Siedzik.

Rule 34 requires that a request for documents: 1) describe with reasonable particularity

each item or category of items to be inspected; 2) specify a reasonable time, place, and

manner for the inspection and performing the related acts.  In its motion, Bradford does

not even allege that such a request had been made.  As of the date of Bradford's motion,

the only Bradford request to which a response was due was its first request for

production.  Bradford did <u>not</u> ask for the statements of witnesses, save for the statement

of Ricardo Calderon," or any other driver or person involved with [Borden] deliveries to

Bradford."  *See* Bradford's First Request for Production of Documents, <u>Exhibit A</u> hereto.

Put simply, Steve Siedzik was not a driver or person involved with Borden's deliveries to

Bradford.  As such, Borden had no duty to produce his statement.  Thus, Bradford has not

made a Rule 34 request for the documents sought in its Motion to Compel.  Borden has

not failed to comply with such a request.  As such, it has failed to meet its burden under

Rule 37(a).

B.  **Bradford has not attempted in Good Faith to Confer Prior to Filing the Motion.**

Bradford's motion asserts that it attempted in good faith to confer with Borden

before it filed its motion.  Bradford does not identify a date, time or the means by which it

claims to have met the "meet and confer" requirement of Rule 37.  Instead, Bradford

simply demanded that Borden produce the documents.  This does not constitute

compliance with Rule 37(a)(2).

Simply demanding documents is insufficient.  *See* <u>Ballou v. Univ. of Kansas</u>

<u>Medical Ctr.</u>, 159 F.R.D. 558, 559 (D.Kan. 1994).  At a minimum, the movant must

communicate that it plans to file a motion to compel if the desired documents are not

produced and that the letter is intended to be an act of conferring in accordance with Rule

37(a). Soto v. City of Concord, 162 F.R.D. 603, 622 (N.D.Cal. 1995).

While not stated, Bradford will undoubtedly rely on a single letter it sent to

Borden's counsel demanding that Borden turn over the Siedzik statement. On December

16, 2009, Bradford's counsel sent Borden's counsel a letter concerning a number of

discovery topics. *See* Exhibit B hereto. That letter did contain a one-sentence demand

for the Siedzik statement with no reference to a motion to compel or the "meet and

confer" requirement. On December 29, 2009, in a response to a Borden letter concerning

certain documents that Borden contended had not been produced, Bradford included a

request that Borden respond to its earlier demand. *See* Exhibit C hereto. Nowhere did

Bradford indicate that it planned to file a motion to compel or that it considered the two

brief communications as an act of conferring in accordance with Rule 37(a). Bradford

failed to comply with Rule 37 and consequently, it has no legal right for an order

compelling disclosure.

## II. **Bradford Fails To Establish Entitlement To The Siedzik Statement**

Bradford claims: 1) that the Siedzik Statement is not privileged; and 2) that even

if it were privileged, such privilege was waived when Siedzik reviewed it before his

deposition. Bradford makes a number of conclusory statements regarding the character

and nature of the Siedzik Statement. However, it fails to meet its burden of establishing

entitlement to the document.

The Siedzik Statement is attorney-client privileged and work product. The

Siedzik statement was made at the request of Borden personnel in connection with an

insurance claim arising out of the events that are alleged in the Amended Complaint. On or about February 6, 2007, Bradford received a letter from Bradford's counsel threatening legal action against Borden. Borden filed a claim with its insurance carrier. As part of Borden's joint efforts with the insurer to defend the claims asserted by Bradford, requested a written statement from Siedzik, which he provided to his superiors at Borden. *See* Affidavit of Michael Relihan, attached hereto.

Statements by an insured to an insurer where legal action is threatened has been held to be privileged. Schipp v. General Motors Corp., 457 F.Supp.2d 917, 920 (E.D.Ark. 2006). The determination question is whether in light of the factual context, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Co. v. Aetna, 144 F.R.D. 600, 605 (D.Mass. 1992). Receipt of demand from a lawyer from the claimant and the assertion of a significant monetary claim makes it apparent that the Siedzik Statement was prepared for the purposes of defending litigation.

Rule 612 has different standards for use of privileged documents by a witness to prepare for testimony and use of such documents during testimony. Documents used in preparation are not discoverable unless the movant establishes that the interests of justice necessitate it. *See* Fed.R.Evid. 612(2). Determination of whether disclosure is mandated is discretionary. Derderian v. Polaroid Corp., 121 F.R.D. 13, 17 (D.Mass. 1988). Bradford has made no showing as to why such disclosure is necessary in the interest of justice. Bradford's Motion to Compel should be denied.

**WHEREFORE**, Borden requests that the Court deny Bradford's Motion to

Compel.

Respectfully submitted,
**BORDEN & REMINGTON CORP.,**
By its Attorneys,

___/s/ Christopher J. DeCosta_____
Christopher J. DeCosta, Esq. – #7879
Paul Michienzie, Esq. – *Pro Hac Vice*
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
Date:February 1, 2010        T: (617) 227-5660

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRADFORD SOAP INTERNATIONAL, INC.,    :
                                       :
                    Plaintiff,         :
                                       :
        vs.                            :        C.A. NO.  09-110
                                       :
BORDEN & REMINGTON CORP.,              :
                                       :
                    Defendant.         :

## PLAINTIFF, BRADFORD SOAP INTERNATIONAL, INC.'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, BORDEN & REMINGTON CORP.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Bradford Soap International, Inc. ("Bradford") requests that Defendant Borden & Remington Corp. ("Boremco") produce the following documents, or make such documents available for inspection and copying, within thirty (30) days of the service of this First Set of Requests for Production of Documents ("Requests"), to Jeffrey A. Mega at the office of Hinckley, Allen & Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island 02903.

## DEFINITIONS

1.      "Defendant" shall mean and refer to Boremco, its agents, servants, and representatives.

2.      "Plaintiff" shall mean and refer to Bradford, its agents, servants, and representatives.

3.      "Document(s)" shall mean and refer to every tangible thing upon which is recorded, marked, or impressed, any form of communication or representation, including

electronic communications and e-mails, such as words, letters, pictures, sounds, symbols, or combinations thereof, including any tangible thing marked or impressed with any handwriting, typewriting, printing, photostating, photographing, transcribing, videotaping, or audio taping.

4.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include, but not be limited to, all written, oral, and electronic communications.

5.    "All documents" shall mean every document as above-defined known to you or in your possession, custody, or control, and every such document which can be located or discovered by reasonably diligent efforts, including electronically stored data and information.

6.    "Person" shall mean any natural person, corporation, partnership, proprietorship, association, organization, or group of natural persons.

7.    "Identify" shall mean, when used in reference to a natural person, to state to the fullest extent possible his or her full name, present or last known address, telephone number, and employment position at the time in question.

8.    "Identify" shall mean, when used in reference to any person other than a natural person, to state to the fullest extent possible, the full name, and present or last known address, the principal place of business of the corporation, partnership, proprietorship, association, or other organization to be identified.

9.    "Identify" shall mean, when used in reference to a document, to state the date the document was authored, the name of the party authoring such document, the name of any recipient of any such document, the location of such document, and a brief description of the substance of such document.

60344-137948
# 996793-P-v1

10.    "All facts" shall mean all knowledge or information on a particular subject known to you.

11.    "Relate to" or "relating to" or any form thereof, shall mean in any way referring to or concerning, directly or indirectly, in whole or in part, the requested subject matter, person, entity, transaction, or occurrence and shall include, but is not limited to, the concepts of constituting, embodied in, pertaining to, connected to, describing, or detailing in any way.

## GENERAL INSTRUCTIONS

1.    These requests shall be deemed continuing in nature so as to require further supplemental production if you obtain additional documents falling within its scope between the time of initial production and the time of hearing or trial.

2.    With respect to each request herein to produce all documents, you are requested to identify and produce all documents (as defined hereinabove without limitation) which are known to you or which can be located or discovered by reasonably diligent effort, regardless of location, including, without limitation, all such documents requested to be produced which are in files (whether personal, business, or any other files), possession, custody, or control of Defendant's attorneys, accountants, agents, consultants, representatives, or employees.

3.    If any document referred to in a response to a document request has been lost, destroyed, or is otherwise unavailable, identify such document by author, date, subject matter, and the present or last known custodian of such document.

4.    To the extent that the production of any document or documents called for is withheld by reason of the assertion of any privilege or other reason, pursuant to Federal Rule of Civil Procedure 26(b)(5), submit in writing the following information regarding each such document:

3

(1)     Sufficient information concerning the nature of the
        document in order to assess the applicability of the
        privilege;

(2)     The date of the portion of the document which the stated
        privilege or other basis is alleged to apply;

(3)     The basis for asserting the claim of privilege or other basis,
        and the substantive ground on which the document is
        withheld;

(4)     The full name, job title, job description, responsibility, and
        membership in any Bar (including jurisdiction) of each
        author, addressee, recipient, and person copied of the
        document;

(5)     The source of the document (e.g., personal files of Jane
        Doe);

(6)     The number of pages comprising the document; and

(7)     Whether the document is handwritten or typewritten.

5.     "And" as well as "or" should be construed either disjunctively or conjunctively as

necessary to include any document, communication, or information that otherwise might be

construed as not included.

6.     All documents produced in response to these Requests shall be produced

notwithstanding the fact that portions thereof may contain information not requested, shall

include interim as well as final editions of a document, and shall include all editions or copies of

a document which are not identical to (whether due to handwritten notations, revisions, or

otherwise) the original or other produced copy of a document.

7.     All documents produced shall be segregated and identified by the Request to

which they are responsive.  Where required by a particular paragraph of these Requests,

documents produced shall be further segregated and identified as indicated in said paragraph.

60344-137948
# 996793-P-v1

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents of any nature related to the chemical that Boremco caused to be delivered to Bradford on October 19, 2006, including, but not limited to:

a.  documents related to Boremco's purchase or manufacture and storage of the chemical;

b.  documents related to Boremco's labeling of the chemical;

c.  documents pertaining to Bradford's order;

d.  documents pertaining to transportation of the chemical;

e.  documents pertaining to interaction between Bradford and Boremco after delivery of the chemical;

f.  documents pertaining to interaction between Boremco and any third party after delivery of the chemical; and

g.  internal documents related to the chemical.

**Request No. 2:**

All documents related to Boremco's inspection, cleaning, maintenance, and/or repair of any vessel or container that was utilized to store the chemical delivered to Bradford on October 19, 2006 or any component thereof.  Bradford seeks documents associated with this Request for the period January 1, 2004 through the present.

**Request No. 3:**

All policies, procedures, memoranda, or other documents pertaining to sourcing, labeling, storing, and shipping chemicals for sale and all quality control assurance procedures that were in effect on October 19, 2006.

60344-137948
# 996793-P-v1

**Request No. 4:**

All policies, procedures, memoranda, or other documents pertaining to sourcing, labeling, storing, and shipping chemicals for sale and all quality control assurance procedures that were in effect for the period October 20, 2006 through the present.

**Request No. 5:**

Material Safety Data Sheets for sodium hydroxide and potassium hydroxide from January 1, 2006 through the present.

**Request No. 6:**

All documents related to any testing that was performed on the chemical delivered to Bradford on October 19, 2006 or any component thereof or any container that was utilized to store any of the chemical or its components.

**Request No. 7:**

All documents and things relating to each and every statement, other than those made to your counsel and protected by the attorney-client privilege, concerning this lawsuit or the allegations in the Amended Complaint made by Ricardo Calderon, the driver on October 19, 2006, or any other driver or person involved with Boremco deliveries to Bradford.

**Request No. 8:**

All documents and things relating to investigation reports concerning the subject incident that are in your possession, custody, or control, including, but not limited to, reports and/or summaries by private investigators and/or government entities (including, but not limited to, OSHA, local fire or police departments, and/or city authorities).

60344-137948
# 996793-P-v1

**Request No. 9**:

Samples of the chemical delivered to Bradford on October 19, 2006, or any component

thereof.

**Request No. 10**:

All insurance policies that may satisfy any portion of Bradford's claim.

**Request No. 11**:

All documents related to allegations by any party (Bradford or any other third party)

wherein Boremco delivered a defective and/or mislabeled chemical and/or it was alleged that

Boremco delivered a defective and/or mislabeled chemical including, but not limited to, all

corrective action request forms.  Bradford seeks documents associated with this Request for the

period January 1, 2001 through the present.

BRADFORD SOAP INTERNATIONAL, INC.

By its Attorneys,

Gerald J. Petros (#2931)
Jeffrey A. Mega (#6441)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI  02903
(401) 274-2000
(401) 277-9600 (facsimile)

DATED:   August **31**, 2009

7

## CERTIFICATION

TO:

Christopher J. DeCosta, Esq.
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA  02116

I certify that I mailed a true and accurate copy of the within First Set of Requests for

Production of Documents to Defendant to counsel of record, as set forth above, on August

_____*3/*_____, 2009.

*Donna M. Falcon*

8

# EXHIBIT B

**Hinckley Allen Snyder** LLP
ATTORNEYS AT LAW

50 Kennedy Plaza
Suite 1500
Providence, RI 02903-2319
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Jeffrey A. Mega*
jmega@haslaw.com
Direct Dial: (401) 457-5264

December 16, 2009

Christopher J. DeCosta, Esq.
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116

Re: **Bradford Soap International, Inc. v. Borden & Remington Corp., C.A. No. 09-110**

Dear Chris:

We are writing to you regarding Boremco's response to Bradford's request for production of documents. Boremco's production response fails to include several categories of responsive documentation. These include, but are not limited to:

1. Internal documents and emails pertaining to Boremco's October 19, 2006 delivery, drafted after Boremco became aware of the misdelivery issue in December of 2006;

2. Documentation pertaining to Boremco's remedial actions including emptying and cleaning Bradford's Potash tank and replacing the Potash load on January 22, 2007;

3. Documentation pertaining to outside laboratory tests that Boremco performed on the substance that it obtained from Bradford's facility in December, 2006;

4. Documents pertaining to Boremco's internal investigation following the incident;

5. Documents pertaining to Boremco's inventorying, reconciling, and/or periodic measuring of the tank(s) that stored the potash and caustic soda at issue;

6. A complete copy of the insurance policy that may satisfy a judgment in this case as well as other correspondence from the insurer confirming coverage and/or reserving it rights (I previously advised you that the policy that you produced is incomplete); and


HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

Christopher J. DeCosta, Esq.
December 16, 2009
Page 2

7.      A complete set of policies as requested.

With regard to the policies, Boremco produced several policies that reference numerous other relevant and responsive policies that Boremco did not produce (i.e. CS-201). In addition, Mr. McCarthy testified about both ISO and internal Boremco policies which discuss corrective action requests.

Separately, Mr. Siedzik testified that he utilized an internal memorandum to prepare for his deposition. Borden & Remington is obligated to produce all documentation that Mr. Siedzik utilized to prepare for his deposition in accordance with Rule 612 of the Federal Rules of Evidence.

Finally, we need to discuss a deadline for producing privilege logs.

Very truly yours,

Jeffrey A. Mega

JAM:dmf

# EXHIBIT C

**Hinckley Allen Snyder** LLP
ATTORNEYS AT LAW

50 Kennedy Plaza
Suite 1500
Providence, RI 02903-2319
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Jeffrey A. Mega*
jmega@haslaw.com
Direct Dial: (401) 457-5264

December 29, 2009

*VIA FACSIMILE AND REGULAR MAIL*

Paul Michienzie, Esq.
Christopher J. DeCosta, Esq.
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA  02116

Re:   <u>Bradford Soap International, Inc. v. Borden & Remington Corp.,</u>
      C.A. No. 09-110

I am writing in response to Mr. Michienzie's December 15, 2009 correspondence to me. I enclose two compact disks.

The first disk contains documents with Bates numbers 02095 through 04594. This disk contains the very same documents that Bradford produced to Mr. DeCosta on November 20, 2009. I am replicating that production because, in the interest of time, it was not previously Bates numbered. As you know, the documents contained on this disk include: 1. attachments 1 through 11 that were previously omitted from Bradford's damages spreadsheet; 2. invoices which comprise the $650,518.52 of quarantined/written off product; 3. a spreadsheet which identifies all of Bradford's transactions with Schick from 2003 forward; and 4. two credit memos which relate to Bradford's write off of the Schick quarantined product.

The second disk contains documents with Bates numbers 04595 through 05101. This supplemental production, combined with the November 20, 2009 production, contains virtually all of the documents that you identified in your December 15, 2009 correspondence, which are in Bradford's custody and/or control. I am presently finalizing a privilege log which should be ready next week. In addition, I am in the process of redacting privileged portions of legal invoices, which I intend to produce next week. Finally, I am in the process of gathering insurance documentation, which I intend to also produce next week.

There are several points that I need to address.

28 State Street, Boston, MA 02109-1775  TEL: 617.345.9000  FAX: 617.345.9020
185 Asylum Street, CityPlace I, 35th Floor, Hartford, CT 06103-3488  TEL: 860.725.6200  FAX: 860.278.3802
11 South Main Street, Suite 400, Concord, NH 03301-4846  TEL: 603.225.4334  FAX: 603.224.8350

**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

Paul Michienzie, Esq.
Christopher J. DeCosta, Esq.
December 29, 2009
Page 2

First, with regard to corrective action requests, Bradford's production contains summaries which identify corrective action requests to and from Bradford during the past 5 years. The summary sheets include brief descriptions of each corrective action request. Bradford is willing to produce the back up for corrective action requests but first needs Borden & Remington to limit the scope of this request.

Second, Bradford has produced several batch cards in its production to Borden & Remington to date. Bradford will make numerous boxes of batch cards available to Borden & Remington for inspection at Bradford's facility if Borden & Remington desires a more detailed review of Bradford's batch cards.

Third, Bradford disagrees that the categories contained in the numerous bullet points on pages 3-5 of your correspondence were contained within Borden & Remington's original production requests. As you indicate, these very same categories are included in Borden & Remington's Fourth Request for Production, which contains 80 separate requests. The deadline for responding to Borden & Remington's Fourth Request for Production is January 15, 2010. This request is extremely broad.

Fourth, with regard to the back up to support Bradford's damages claim, your December 15, 2009 correspondence inaccurately states that the sole document produced by Bradford to date is a one page summary. Bradford has already produced, among other items: 1. a multiple page summary of damages; 2. all eleven supporting documents referenced in the multiple page damages summary; 3. a spreadsheet detailing all transactions with Schick from 2003 forward; 4. invoices which comprise Bradford's quarantined / written off product; 5. credit memos relating to Bradford's write off of Schick product; and 6. Bradford's agreements with Schick.

Fifth, with regard to documents pertaining to any express warranties, Bradford refers Borden & Remington to the documents associated with the October 19, 2006 delivery.

Sixth, Bradford does not possess blueprints of its facility beyond the document it already produced.

Feel free to contact me after you have an opportunity to review the documents contained in this supplemental production. As always, we are willing to work with you to remediate any production issues.

**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

Paul Michienzie, Esq.
Christopher J. DeCosta, Esq.
December 29, 2009
Page 3


Finally, may I please hear from you relative to the items that I identified in my December 16, 2009 correspondence to you. These include but are not limited to the document(s) that Mr. Siedzik reviewed in preparation for his deposition testimony.


Very truly yours,

Jeffrey A. Mega

JAM/jg

Enclosures




#1024115

# AFFIDAVIT OF MICHAEL RELIHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
                                          )
ORIGINAL BRADFORD SOAP WORKS, INC.,       )   Docket No. 09-CV-110-S-LDA
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
BORDEN & REMINGTON CORP.,                 )
        Defendant.                        )
                                          )
```

## AFFIDAVIT OF MICHAEL RELIHAN

I, Michael Relihan, do swear and depose the following:

1.     I am eighteen years of age or older and believe in the obligations of an oath.

2.     I have personal knowledge of the facts set forth herein.

3.     I am currently employed by Borden & Remington Corporation ("Borden") in the position of Controller.

4.     On February 6, 2007, Borden received a letter from William Stone, who represents the plaintiff, Original Bradford Soap Works, Inc.  In the letter, Attorney Stone indicated that Bradford intended to assert various legal claims arising out of a shipment of potassium hydroxide by Borden on October 19, 2006, and advised that we notify our insurance carrier.

5.     In response, Borden employee Susan Canfield notified Borden's insurance carrier.  On February 7, 2007, as part of the carrier's investigation, and in anticipation of litigation, I was directed to obtain a statement from Steve Siedizik.  In response, I solicited and received a statement from Mr. Siedzik regarding the events that gave rise to the legal claims.  It is this statement that was referenced in Steve Siedzik's testimony.

MICHAEL RELIHAN

{00212472.DOC}

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, attorney for Defendant, hereby certify that I have on this 1st day of February 2010, served a copy of the Opposition of Defendant Borden & Remington Corp. to Plaintiff's Motion to Compel, by mailing a copy of same, postage prepaid, to attorney:

Gerald J. Petros, Esquire
Jeffrey A. Mega, Esquire
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903


            /s/ Christopher J. DeCosta_____
            Christopher J. DeCosta